## CARL LAEMMLE MUSIC CO. et al. v. STERN et al.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

### No. 79.

COURTS ⬤=508—FEDERAL COURTS—JURISDICTION—GROUNDS—LAW OF UNITED STATES.

Defendant sued complainants in a state court for breach of contract to transfer a song of which one of the complainants was the author. Complainant corporation in the state court set up a copyright to the song, but on trial the corporation was enjoined from publishing it, after which complainants sued defendant at law for damages, and, while that action

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was pending, complainants sued in the federal court to restrain the further prosecution of the action at law, basing their right to invoke federal jurisdiction on the ground that the suit involved a copyright and therefore presented a cause of action arising under a law of the United States. *Held*, that the copyright of complainant corporation was not directly in issue, and hence the federal court had no jurisdiction, under the rule that an action in which a law of the United States is only incidentally drawn in question does not arise under that law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. ☞508.

Jurisdiction of federal courts of actions involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Mining Co., 35 C. C. A. 7; Earnhart v. Switzler, 105 C. C. A. 262.]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from a judgment of the District Court for the Southern District of New York dismissing the bill of complaint upon the grounds—First, that it does not state a cause of action. Second, that the District Court has no jurisdiction of such a suit. Third, that there is a misjoinder of causes of action. For opinion below, see 209 Fed. 129.

Waldo G. Morse and George N. Sage, both of New York City, for appellants.

Theodore B. Richter and Cohen, Creevey & Richter, all of New York City, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The complaint alleges that the Carl Laemmle Music Company is the owner of the copyright of a song entitled "I'll Change the Thorns to Roses." That in March, 1911, the defendants commenced an action in the Supreme Court of the State of New York against the Laemmle Company, alleging that they had acquired from the complainant Solman the right to all music which he should compose, including the music of the said song, and that these rights had been violated by the Laemmle Company. The complainant also alleges that the Laemmle Company answered in said action alleging that it had secured all the rights to said song and had copyrighted the same, to which answer the defendants herein interposed a demurrer. Whereupon the state court decided that the facts so pleaded constituted no defense against the claims of the plaintiffs in said action. Thereafter the Carl Laemmle Company pleaded over and the issue so joined was tried and resulted in favor of the plaintiffs in that action, the Carl Laemmle Company being enjoined from publishing the said song, "I'll Change the Thorns to Roses." The complaint herein also alleges that, upon the trial of said action in the state court, the Carl Laemmle Company claimed and proved a copyright for said song but notwithstanding this proof the court entered a decree for an injunction and an accounting against the Carl Laemmle Company which judgment was subsequently sustained on appeal. That thereafter an ac-

counting was ordered and is still pending. The complaint also alleges that under the state practice no appeal is allowed from an interlocutory judgment and before the said accounting is concluded and an appeal perfected from the final judgment irreparable damage and injury will be done to the Carl Laemmle Company. It is also alleged that on or about the 25th of February, 1913, the defendants herein, who were plaintiffs in the said action in the state court, commenced an action at law, upon the same facts appearing in the equity action, and demanded judgment in the sum of $10,000 against the defendants who are the plaintiffs in this action. It is also alleged that the time to answer the complaint in this action at law will expire within twenty days from the date of service. The complaint further alleges that by virtue of the copyright to the Carl Laemmle Company it is entitled to protection under the laws of the United States, and in the courts thereof, against the action of the defendants. Judgment is demanded that the complainants' right to the song in question be adjudicated and that the defendants be enjoined from making any claims or demands, in the courts of any state, adverse to the rights of the complainants in and to the said song and that they be further enjoined from prosecuting or continuing any action at law or in equity against the complainants in the said courts based upon their alleged ownership of the said song.

It seems entirely clear that this action is not one arising under the copyright law. It is alleged that the Carl Laemmle Company copyrighted the song in question, but this suit is not one based upon a copyright or arising under the copyright laws. The defendants do not claim any rights under a copyright. The title under which the action in the state court is prosecuted is based upon a contract with Alfred Solman. The copyright to the Laemmle Company is not directly in issue and the fact that it may be incidentally considered in the state court in no way deprives that court of jurisdiction. An action in which a law of the United States may be incidentally drawn in question does not arise under that law. That it was not the intent of Congress that the United States courts should interfere with the progress of litigation in the state courts, except in clearly defined cases, is made plain by an examination of section 720 of the Revised Statutes of the United States which provides that:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In Excelsior W. P. Co. v. Pacific Bridge Co., 185 U. S. 282, the court at page 285, 22 Sup. Ct. 681, at page 682 (46 L. Ed. 910), says:

"The most important question is whether this is a suit under the patent laws of the United States within the meaning of Rev. Stat. § 629, subd. 9, which grants original jurisdiction to the Circuit Courts 'of all suits at law or in equity arising under the patent or copyright laws of the United States.' The rule is well settled that, if the suit be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws, and jurisdiction of the Circuit Court can only be maintained upon the ground of diversity of citizenship."

We think, however, that in order to avoid any complications in the future the decree should be amended as directed by the Supreme Court in Texas & Pacific R. Co. v. Interstate Trans. Co., 155 U. S. 585, 15 Sup. Ct. 228, 39 L. Ed. 271.

The District Court is therefore directed to amend the decree so that the same may be without prejudice generally and, as so amended, it is affirmed with costs.