## PENNSYLVANIA RAILROAD COMPANY *v.* STINEMAN COAL MINING COMPANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

No. 11.   Argued May 14, 1915; restored to docket for reargument June 14,
1915; reargued October 25, 1915.—Decided December 18, 1916.

An action against· an interstate carrier for damages caused by unfair
and discriminatory departures from a rule of car distribution in
times of car shortage may be prosecuted in a state court. *Pennsyl-
vania R. R. Co.* v. *Sonman Shaft Coal Co., ante,* 120.

The rule of car distribution relied on by the plaintiff having been held
discriminatory and illegal by the Interstate Commerce Commission,
in due proceedings, at the complaint of other shippers, and this
being proven by reports and orders of the Commission produced in
evidence, *held,* that the administrative question, so determined,
could· not be revived by the carrier to oust the jurisdiction of the
court.

By such proceedings of the Commission the Act to Regulate Com-
merce intends no less to redress past discriminations than prevent
them in future, under the carrier's rule, and this for the benefit of all
shippers who have been or may be affected thereby; and when the
Commission finds the rule obnoxious, not because of temporary or
changeable conditions, but inherently and from its adoption, and, be-

sides ordering its discontinuance, recognizes that all injured shippers are entitled to reparation and awards it to such as appear and prove damages, the status of the rule is fixed for past as well as future transactions under it. .

Where a rule is found discriminatory by the Commission in the circumstances indicated in the last preceding paragraph, a shipper, though not a party before the Commission, cannot recover from the carrier for its failures to obey the rule before the finding was made.

241 Pa. St. 509, reversed.

THE case is stated in the opinion.

*Mr. Francis I. Gowen* and *Mr. John G. Johnson*, with whom *Mr. F. D. McKenney* was on the brief, for plaintiff in error.

*Mr. A. M. Liveright* and *Mr. A. L. Cole* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

In a state court in Pennsylvania the coal company recovered a judgment against the railroad company for damages resulting, as was claimed, from unjust discrimination practiced in the distribution of coal cars in times of car shortage; and the Supreme Court of the State affirmed the judgment. 241 Pa. St. 509.

The suit related to both intrastate and interstate commerce, and whether, in respect of the latter, it could be brought in a state court consistently with the Interstate Commerce Act is the first question presented.

The coal company was engaged in coal mining on the carrier's line in Pennsylvania and was shipping the coal to points in that and other States. Other coal companies were engaged in like operations in the same district. A

rule of the carrier provided for a *pro rata* distribution of the available supply of coal cars in times of car shortage, but did not require or contemplate that individual cars, owned or controlled by the shipper, should be charged against his distributive share. Without questioning the reasonableness of this rule, but, on the contrary, assuming that it was unobjectionable and became the true measure of the shipper's right and the carrier's duty, the coal company claimed that the carrier had unjustly discriminated against it to its damage by furnishing it a smaller number of cars, and some of its competitors a greater number, than the rule contemplated or permitted. In other words, the claim was, not that the rule was discriminatory, but that it was violated or unequally enforced by the carrier. Of such a suit we said in *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.*, 237 U. S. 121, 131–132, where the provisions of the Interstate Commerce Act were extensively considered: "There is no administrative question involved, the courts being called on to decide a mere question of fact as to whether the carrier has violated the rule to plaintiff's damage. Such suits though against an interstate carrier for damages arising in interstate commerce, may be prosecuted either in the state or Federal courts." Adhering to this view, we think the suit was properly brought in a state court. See *Pennsylvania R. R. Co.* v. *Sonman Shaft Coal Co.*, ante, 120.

But it is suggested that in the course of the trial an administrative question—one which the act intends the Interstate Commerce Commission shall solve—was brought into the suit and that this disabled the court from proceeding to a decision upon the merits. The suggestion is grounded upon the fact that one of the carrier's defenses at the trial was to the effect that the rule invoked by the coal company as fixing its quota of the cars was unjustly discriminatory and therefore not an appropriate test of the shipper's right or the carrier's duty. We think the

suggestion is not well taken. The administrative question, which was whether the rule was reasonable or otherwise, was not then an open one. It had been theretofore determined in the mode contemplated by the act. Upon the complaint of other shippers, and after a full hearing, the Commission had found that the rule was unjustly discriminatory and had directed the carrier to give no further effect to it. See 19 I. C. C. 356, 392; 23 *ibid.* 186. This was shown by the reports and orders of the Commission, which were produced in evidence. Thus there was no jurisdictional obstacle at this point.

The Commission deemed it essential to a fair distribution in times of car shortage that individual cars, owned or controlled by the shipper, should be charged against his distributive share, and because the rule here took no account of such cars the Commission found that it was unjustly discriminatory. This occurred two years before the trial but after the period covered by the suit. As part of its defense the carrier claimed that the cars distributed to the coal company during that period included many individual cars controlled by the latter and that these were not charged against its distributive share. Evidently intending to recognize that this was so, and desiring to shorten the trial, the parties agreed that a verdict should be taken for the coal company in a designated sum, subject to the condition, among others, that, "if under the practice, the law and the rules," the court should conclude that "the plaintiff company should have been charged with individual cars," then judgment should be entered for the carrier *non obstante veredicto.* The verdict was taken and judgment entered thereon, the court concluding that the rule should be respected notwithstanding the Commission's finding. Complaint is made of this decision and we think it was wrong. That this shipper was not a party to the proceeding before the Commission hardly needs notice, no point being made of it in

the briefs. And it is not a valid objection that the finding came after the period to which the suit relates. The act contemplated that the proceeding should be conducted in the interest of all the shippers who had been, or were likely to be, affected by the rule, and not merely in the interest of those who filed the complaint. The purpose was to determine the character of the rule for the equal benefit of all, to the end not only that discrimination thereunder in the future might be prevented, but also that such discrimination in the past might be redressed. So understanding the act, the Commission, upon finding the rule unjustly discriminatory, ordered the carrier to cease giving effect to it and also recognized that shippers who had been injured through its operation in the past were entitled to reparation. And the Commission proceeded to award reparation to such shippers as appeared and adequately proved their injury and the amount of damages sustained. Not only so, but the Commission's report makes it plain that the finding was not based upon any temporary or changeable condition existing at the time but upon what inhered in the rule and therefore was true from the time of its adoption. The legal propriety of the Commission's finding is not questioned, but only that it operates to discredit the carrier's rule as respects earlier transactions.

In the circumstances stated we are of opinion that effect must be given to the Commission's finding, even though it came after the transactions in question, and that a recovery by the coal company cannot be permitted without departing from the uniformity and equality of treatment which the act is intended to secure. Only through an enforcement of the discriminatory rule, and of the particular feature which made it discriminatory, can a recovery be had. A right to recover independently of that is neither shown nor claimed. In short, the coal company concedes that it received all the cars to which it would have been entitled under a reasonable rule and yet seeks to recover

upon the ground that more cars were not delivered to it under a rule which was unreasonable, because unduly discriminatory in its favor.    Consistently with the act this cannot be done.

*Judgment reversed.*