CITY OF MONROE v. DETROIT, M. & T. S. L. RY.

(District Court, E. D. Michigan, S. D.   May 1, 1919.)

No. 286.

1. REMOVAL OF CAUSES ⬯25(1)—GROUNDS FOR REMOVAL—CASES ARISING UNDER LAWS OF UNITED STATES.

Whether a case arises under the Constitution or laws of the United States, within the removal statute, must be determined from the necessary allegations of plaintiff's pleading, without regard to any defenses which are or may be interposed by defendant, and also without reference to any allegations of plaintiff in anticipation or denial of such possible defenses.

2. REMOVAL OF CAUSES ⬯25(1)—GROUNDS FOR REMOVAL—CASES ARISING UNDER LAWS OF UNITED STATES.

A suit by a city against an interurban railway company to restrain violation of a contract fixing rates, made by a franchise ordinance, is not removable as one arising under the laws of the United States, although the bill alleges, in anticipation of the defense that defendant was authorized to increase its rates by the Interstate Commerce Commission, the invalidity of the order.

In Equity. Suit by the City of Monroe against the Detroit, Monroe & Toledo Short Line Railway. On motion to remand to state court. Motion granted.

J. C. Lehr, of Monroe, Mich., for plaintiff.

Bernard F. Weadock, Stevenson, Carpenter, Butzel & Backus, and Donnelly, Hally, Lyster & Munro, all of Detroit, Mich., for defendant.

TUTTLE, District Judge. This matter is before the court on motion to remand the case to the state court, from which it was removed by the defendant, to this court, on the ground that it was a case arising under the laws of the United States. The sole question involved is whether it was removable on that ground.

The bill of complaint was filed in the circuit court for the county of Monroe, one of the courts of record of the state of Michigan, by the city of Monroe, a municipal corporation of this state, against the Detroit, Monroe & Toledo Short Line Railway, a Michigan corporation operating an electric railway in the streets of said city, and also between it and Detroit, Mich., seeking to restrain the defendant from violating a certain franchise granted by the plaintiff and held by the defendant.

The material allegations of the bill are to the effect that several years prior to the date of the filing of the bill plaintiff granted a certain franchise to the Toledo & Monroe Railway, which afterwards assigned it to the defendant, the Detroit, Toledo & Monroe Railway, a Michigan corporation, giving the grantee the right to operate street cars in the streets of said city, for a period which has not yet expired, on certain terms and conditions; that one of these conditions, which was part of the consideration for the grant of the franchise, was a provision that the company should not charge, as a rate of fare for carrying passengers between Monroe and Detroit, more than the sum of 50 cents per passenger; that the defendant operates its railway from

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Detroit to Monroe, and also from Monroe on to Toledo, Ohio, and also operates an electric railway system upon the streets of said city of Monroe, as the assignee of its aforesaid predecessor under the said franchise; that shortly before the filing of this bill defendant applied for and obtained from the Interstate Commerce Commission an order granting it permission to increase its fare between Detroit and Monroe to a sum in excess of the aforesaid sum agreed on in said franchise; that defendant has put into effect and is now charging said increased fare between the cities mentioned, and in so doing is wholly disregarding its said franchise; that the order just mentioned is void, for the reason that the rate of fare between said cities does not involve interstate commerce, but is wholly intrastate, and is the subject of contract between the plaintiff and defendant; that said defendant has no legal right or authority to thus increase such rate; that the action of defendant company in raising said fare as established by said franchise is contrary to the provisions of the laws of the state of Michigan; that one of the statutes of such state (quoted in the bill) provides that the rates of fare which any railway company may charge for the transportation of passengers shall be established by agreement between such company and the separate authorities of the city where the road is located, and shall not be increased without consent of such authorities, and that defendant, in the operation of its cars through said city of Monroe, has always held itself out as a street railway company; that the collection by defendant of the increased fare provided for in its application filed with the said Interstate Commerce Commission constitutes a direct violation of the terms and provisions of the said franchise, and a violation of the laws of the state of Michigan, and that such action is not by reason of any lawful or competent authority whatsoever; that "the collection of such increased rate of fare will cause this plaintiff and all of the residents of said city irreparable damage and injury, and that in order to prevent the same an injunction should be issued forthwith."

The bill prayed for a temporary and also a permanent injunction restraining the defendant from collecting or charging on its railway between the cities of Monroe and Detroit any rate of fare in excess of that stipulated and set forth in said franchise, that the court decree such franchise to be a binding and valid obligation upon defendant, and that defendant be decreed to comply with the terms thereof.

After the filing of the bill, the defendant caused the case to be removed from the state court to this court. It then filed its answer in this court, denying all of the material allegations of the bill and declaring that it was entitled, by reason of the order of the Interstate Commerce Commission already mentioned, to charge the increased rate of fare complained of.

Plaintiff has moved this court to remand the cause to the state court, and as the cause was removed on the ground that it was a case arising under the laws of the United States, of which this court is given original jurisdiction by the federal statutes, the sole question presented is whether this is such a suit.

Section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. § 1010]) provides that—

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * of which the District Courts of the United States are given original jurisdiction * * * which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. * * * Whenever any cause shall be removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution."

[1] Whether a case arises under the Constitution or laws of the United States, within the meaning of this statute, must be determined from the necessary allegations in the statement of the plaintiff's cause of action, without regard to any defenses which have been or may be interposed by the defendant, and also without reference to any allegations of the plaintiff in anticipation or denial of such possible defenses. State of Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Boston & Montana Consolidated Copper & Silver Mining Co. v. Montana Ore Purchasing Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626; Louisville & Nashville Railroad Co. v. Mottley, 211 U. S. 149, 29 Sup. Ct. 42, 53 L. Ed. 126; Taylor v. Anderson, 234 U. S. 74, 34 Sup. Ct. 724, 58 L. Ed. 1218; American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257, 36 Sup. Ct. 585, 60 L. Ed. 987.

[2] Applying this rule to the present case, I am clearly of the opinion that such case is not one arising under the laws of the United States, within the meaning of the statute in question. It will be noted that the bill is not directed at the Interstate Commerce Commission, and that the members of such commission are not made parties to the suit, nor is any relief asked as against them. The substance of the complaint made in the bill is, without doubt, the allegation that the defendant has violated and is attempting to violate the franchise agreement between it and the plaintiff. The plaintiff does not bring its bill in order to attack the validity of any order of the Interstate Commerce Commission. All that the plaintiff really seeks in its bill is relief from the alleged violation by the defendant of this franchise in respect to the rate of fare between Detroit and Monroe. It is true that plaintiff refers to the order mentioned, but it is plain, in my opinion, that it does so only because defendant has justified its acts by pointing to such order, and that the reference to the order, in the bill, is merely for the purpose of anticipating and denying in advance a defense which it in effect charges that the defendant will interpose in its own behalf. In other words, after alleging the grievance complained of, namely, the violation by the defendant of this franchise, which it seeks by this suit to prevent, plaintiff has gone beyond the essential scope of its bill, and, in substance and effect, charges that the defendant excuses, or will attempt to excuse, such violation by relying upon the order of the Interstate Commerce Commission mentioned in the bill and alleged therein to have been made upon the application of the defendant itself. Thus plaintiff anticipates a defense upon which it expects defendant will rely. Then, in order to forestall

such defense, and to show its lack of merit before it has been presented by defendant, plaintiff declares that it is not a good defense, because the order relied on by defendant is void, for the reason stated in the bill. Plaintiff makes no affirmative claim of right, or to relief, by reason of such order; nor does it seek to have the latter set aside or modified. In fact, all mention thereof could be omitted from the bill without in any way affecting the real substance thereof. The act of the defendant, not that of the Commission, is the grievance against which this bill is aimed and upon which it is based.

As, therefore, the contention of the defendant that this case is removable on the ground that it arises under the laws of the United States, of which this court is given original jurisdiction, is based entirely upon the reference in the bill to this order of the Interstate Commerce Commission, it follows, from the conclusions herein stated, that such contention is without merit and must be overruled; and an order will be entered remanding the case to the state court from which it was removed.