### DETROIT, M. & T. S. L. RY. v. CITY OF MONROE et al.

#### (District Court, E. D. Michigan, S. D.   December 22, 1919.)

#### No. 300.

1. **COURTS** ⬅️⟶508(1)—**FEDERAL COURT HAS NO JURISDICTION TO ENJOIN SUIT IN STATE COURT, WHERE NOT IN AID OF ITS OWN JURISDICTION.**

   Under Rev. St. § 720, now Judicial Code, § 265 (Comp. St. § 1242), a federal court cannot enjoin prosecution of a suit in a state court, where not in aid of its own jurisdiction previously acquired, but to enable it to assume jurisdiction of the controversy then pending in the state court, because a federal question is incidentally involved therein.

2. **COURTS** ⬅️⟶489(9)—**STATE COURT HAS IN SOME INSTANCES JURISDICTION OF QUESTIONS UNDER INTERSTATE COMMERCE ACT.**

   State courts are not without jurisdiction in every case involving rights or questions under the Interstate Commerce Act.

In Equity.   Suit by the Detroit, Monroe & Toledo Short Line Railway against the City of Monroe and others.   On motion to dismiss bill. Granted.

See, also, 257 Fed. 783.

Bernard F. Weadock, of Detroit, Mich., for plaintiff.

J. C. Lehr, of Monroe, Mich., for defendants.

TUTTLE, District Judge.   This is a motion to dismiss the bill of complaint herein on the grounds of alleged lack of equity appearing on the face of the bill, and of alleged lack of jurisdiction by this court to grant the relief prayed in the bill.

The controversy out of which this suit arose has already been before this court recently on a bill filed by the city of Monroe, Mich., hereinafter called the City, one of the present defendants, in one of the state courts of Michigan, against the present plaintiff, hereinafter called the Railway, to restrain the latter from an alleged violation of a certain franchise contract between said City and said Railway, in charging rates of fare between said City and the city of Detroit, Mich., higher than the rates prescribed by the provisions of said franchise contract. This previous suit was removed by the Railway, defendant therein, to this court on the ground that the increase in rates complained of was based upon and justified by an order of the Interstate Commerce Commission, and that therefore such suit was one arising under the Constitution and laws of the United States and removable to the federal court. Afterwards said suit was remanded by this court to the state court from which it had been removed, for the reason that it appeared that the bill therein was not based upon any rights arising under the federal laws, and did not so directly involve a federal question as to make that suit a removable one.   It was the opinion of this court that the

substance and essence of that bill was the complaint that the Railway was violating the franchise mentioned and that the allegations therein to the effect that the aforesaid order of the Interstate Commerce Commission was void, as relating to wholly intrastate rates, were made by the City merely to negative an anticipated defense by the Railway, and was only incidental to the real purpose of the suit. It was therefore held that the suit did not arise under the Constitution or laws of the United States, within the meaning of the statute providing for the removal of such suits. City of Monroe v. Detroit, Monroe & Toledo Short Line Ry., 257 Fed. 782.

After that suit had been thus remanded to the state court, the Railway filed the present bill in this court against the city, its mayor, and its city attorney, seeking to restrain them from further prosecution of said suit. In its bill herein plaintiff Railway alleges that before the removal of the previous suit the state court had issued a temporary injunction restraining said plaintiff from collecting the rate of fare fixed in the order of the Interstate Commerce Commission, referred to, and requiring plaintiff to collect only such rate of fare as was provided in the franchise mentioned; that said plaintiff has not complied with said injunction as it is advised by counsel that such injunction is invalid because the court by which it was issued was without jurisdiction in the premises; that thereafter plaintiff moved the said state court to dissolve such injunction, and dismiss the bill filed in that suit, upon the ground, among others, that sole jurisdiction to enjoin, set aside, annul, or suspend any order of the Interstate Commerce Commission was conferred upon the United States District Court for the district in which the carrier was a resident, which motion was denied; that thereupon said suit was removed to and remanded by this court as hereinbefore stated; that subsequently the City and its officials named as defendants herein instituted proceedings in the suit in the state court to cause this plaintiff to be punished for contempt of that court in failing to observe its said injunction, and that an order to show cause why this plaintiff and its officers should not be punished for such alleged contempt has been issued, and hearing thereon set in said proceedings; that the defendants herein intend by force and violence to remove from the cars of this plaintiff the crews thereof while said cars are in operation, and to cite said crews for contempt of that court in failing to collect and charge the rates of fare fixed by the aforesaid franchise, despite the fact, as alleged by plaintiff, that said crews are now collecting the lawful rates of fare fixed in the aforesaid order of the Interstate Commerce Commission; that such action will result in disabling plaintiff from performing its public duty as an interstate carrier, and will cause great financial loss to it and untold inconvenience to its patrons; that plaintiff is forbidden by law to charge discriminatory rates, and that if it should charge and collect the rates of fare fixed in the franchise, rather than that fixed in said order, it would be guilty of a discrimination in favor of said City and its inhabitants as against the other patrons of its line, and be subject to the penalties provided in the federal statutes, and that a compliance with said injunction would render plaintiff liable to criminal prosecution for each

day that it neglected to collect the rates of fare established in said order, and would result in a multiplicity of suits against it and its officers and agents; that said defendants have not applied to the proper tribunals established to test the validity of said order, or to set it aside, but are relying solely upon the aforesaid suit to harass and annoy plaintiff and prevent it from complying with the order of the Interstate Commerce Commission; that said state court is without jurisdiction in the premises, sole and exclusive jurisdiction therein being conferred by the federal statutes on the federal courts, and that the prosecution of said suit will deprive plaintiff of its property without due process of law, in contravention of the provision of the Fourteenth Amendment to the Constitution of the United States.

Plaintiff prays for a temporary and also a permanent injunction, restraining the said City and its said officials from further prosecuting the suit in the state court, and from taking any further steps to cite plaintiff, its officers, agents, or crews for alleged contempt of court in complying with the said order of the Interstate Commerce Commission, and from attempting to enforce the terms of the aforesaid franchise (called by the plaintiff in its bill an ordinance) relative to the rates of fare named therein, and from causing any forfeiture of the rights of plaintiff thereunder by reason of the increase in said rates complained of. As already stated, defendants have moved the court to dismiss this bill for want of jurisdiction and for lack of equity.

[1] Proceeding first to consider the question of jurisdiction, it is apparent that the whole object of this bill is to secure an injunction restraining the proceedings in the state court referred to. Section 720, United States Revised Statutes, being section 265 of the Judicial Code (Comp. St. § 1242), provides as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

This court, therefore, is asked to do exactly what Congress has expressly provided that it should not do. While it is true that the prohibition of this statute does not extend to cases in which it is necessary that a federal court should grant an injunction to protect its own jurisdiction, previously acquired for other purposes than that of enjoining proceedings in a state court, yet it seems clear that this is not such a case. Before the filing of this bill this court had already divested itself of all jurisdiction over the subject-matter of this controversy and no proceedings of any kind were then pending here in relation to any of the matters involved in the present suit. It is not, therefore, necessary that any injunction should be issued as prayed in this bill for the purpose of restraining interference with the jurisdiction of this court. This is not, of course, a case where an injunction is authorized by any law relating to proceedings in bankruptcy. Nor is it sought to restrain the enforcement of a state law alleged to be in contravention of the United States Constitution. The prohibition, therefore, of the statute is applicable. Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644; St..

Louis, Iron Mountain & Southern Ry. Co. v. McKnight, 244 U. S. 368, 37 Sup. Ct. 611, 61 L. Ed. 1200.

The mere fact that in the suit in the state court thus sought to be restrained a federal question is incidentally involved does not authorize a federal court to enjoin the prosecution of such suit, although such federal question, if directly involved, would be within the exclusive jurisdiction of the federal court. Western Union Telegraph Co. v. Louisville & Nashville R. R. Co., 218 Fed. 628, 134 C. C. A. 386 (C. C. A. 7); Carl Laemmle Music Co. v. Stern, 219 Fed. 534, 135 C. C. A. 284 (C. C. A. 2).

Nor does the fear that plaintiff may be subjected to frequent prosecutions in the suit in the state court entitle it to an injunction here, in the absence of a showing that this court has the necessary jurisdiction to grant equitable relief within the general powers of a court of equity having proper jurisdiction. Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535; Indiana Mfg. Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651.

It is urgently insisted by the plaintiff that the suit in the state court is one to enjoin, set aside, annul, or suspend an order of the Interstate Commerce Commission, and that therefore such suit is within the exclusive jurisdiction of a federal court. Section 208, Judicial Code (Comp. St. § 997). This contention has already been, in effect, overruled by this court in its opinion already cited. City of Monroe v. Detroit, Monroe & Toledo Short Line Railway, supra.

[2] Nor are the state courts without jurisdiction in every case involving rights or questions under the Interstate Commerce Act. Pennsylvania Railroad Co. v. Puritan Coal Mining Co., 237 U. S. 121, 35 Sup. Ct. 484, 59 L. Ed. 867; Pennsylvania Railroad Co. v. Sonman Shaft Coal Co., 242 U. S. 120, 37 Sup. Ct. 46, 61 L. Ed. 188; Pennsylvania Railroad Co. v. Stineman Coal Mining Co., 242 U. S. 298, 37 Sup. Ct. 118, 61 L. Ed. 316.

Plaintiff is not without proper remedy in the premises. It will have an opportunity to present, in the state court itself, the contention that such court lacks jurisdiction to entertain the suit pending there or to grant the relief prayed therein, and, if necessary, that contention and defense may, in due course, be submitted, on writ of error, to the United States Supreme Court. Robb v. Connolly, 111 U. S. 624, 4 Sup. Ct. 544, 28 L. Ed. 542; Fitts v. McGhee, supra; Indiana Mfg. Co. v. Koehne, supra; Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150; Dalton Adding Machine Co. v. State Corporation Commission, 236 U. S. 699, 35 Sup. Ct. 480, 59 L. Ed. 797.

For the reasons stated, the motion to dismiss the bill must be granted, and an order entered in conformity with the terms of this opinion.