STRUCTURAL STEEL AND FORGE COMPANY, The American Foundry and Machine Company, Island Ranching Company, Calvin L. Rampton, and Pugsley, Hayes, Rampton & Watkiss, a partnership, Appellants,

v.

UNION PACIFIC RAILROAD COMPANY, The Denver and Rio Grande Western Railroad Company, The Western Pacific Company and Bamberger Railroad Company, Appellees.

No. 6080.

United States Court of Appeals
Tenth Circuit.

July 8, 1959.

Calvin L. Rampton, Salt Lake City, Utah, for appellants.

Elmer B. Collins, Omaha, Neb., and A. U. Miner, Salt Lake City, Utah (James H. Anderson, Omaha, Neb., Bryan P. Leverich, S. N. Cornwall, Wood R. Worsley, Clair G. Andersen, Salt Lake City, Utah and E. G. Knowles, Denver, Colo., were with them on the brief), for appellees.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order of the District Court enjoining appellants, Utah intrastate shippers, from prosecuting a state court class action against appellee railroads, to recover intrastate freight charges paid under an order of the Interstate Commerce Commission, which was

ultimately vacated for further proceedings. See Public Service Commission of Utah v. United States, 356 U.S. 421, 78 S.Ct. 796, 2 L.Ed.2d 886.

■ The challenged stay order was entered in a removed action by other shippers similarly situated but with separate and distinct claims. As a stay of state court proceedings, the order can be justified only insofar as it is necessarily in aid of the exercise of federal court jurisdiction in the removed case. Section 2283, Title 28 U.S.C.A. See also Looney v. Eastern Texas R. Co., 247 U.S. 214, 38 S.Ct. 460, 62 L.Ed. 1084; Amalgamated Clothing Workers of America v. Richman Bros., 348 U.S. 511, 75 S.Ct. 452, 99 L.Ed. 600.

■ Removability of the removed case was challenged on motion to remand in the trial court, and the point is again urged here. The appellees on the other hand invoke the well-known rule against appealability of orders denying motions to remand. But, this appeal is not from the order denying remand of the removed case. Instead, it is an appeal from an order granting injunctive relief in that case, and such orders are appealable under Section 1292, Title 28 U.S.C.A. In reviewing the issues raised on appeal from the injunctive order, we must inquire into the jurisdiction of the court to grant any such order. Riverbank Laboratories v. Hardwood Products Corp., 7 Cir., 220 F.2d 465; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902.[1] The basic question is therefore whether the case was removable, for if not, there was no jurisdiction to aid or protect, and the stay order must surely fail.

The matter is presented on these relevant facts. Pursuant to a proceedings under Section 13(3, 4) of the Interstate Commerce Act, 49 U.S.C.A. § 13(3, 4) the Interstate Commerce Commission granted a 15 per cent increase in intrastate freight rates to railroads operating in Utah in conformity with the general level of interstate rates over the same routes. See Utah Intrastate Freight Rates & Charges, 297 I.C.C. 87. The Commission's order was sustained by a three-judge court in Public Service Commission of Utah v. United States, D.C., 146 F.Supp. 803, and the increased rates were thereupon put into effect. On appeal, however, the rate order was set aside and the cause remanded to the Interstate Commerce Commission for further proceedings in conformity with the opinion of the court. Public Service Commission of Utah v. United States, supra. Thermoid Western Company and four other similarly situated intrastate shippers thereupon brought a state court class action against the appellee railroads to recover various amounts alleged to have been paid by them pursuant to and during the time the order of the Interstate Commerce Commission was effective to increase intrastate rates in Utah.

The complaint alleged the order of the Interstate Commerce Commission increasing intrastate rates in Utah and its ultimate reversal by the Supreme Court on the grounds of insufficiency of the evidence to warrant Interstate Commerce Commission jurisdiction of intrastate rates in Utah. It was then alleged that the order of the Interstate Commerce Commission raising intrastate rates in Utah was void; that any freight rates and charges assessed and collected by the appellee carriers from the plaintiff shippers in intrastate commerce in Utah over and above those prescribed by the tariff filed with and approved by the Public Service Commission of Utah were unlawful. The plaintiff shippers prayed accordingly.

[1]. Our case is distinguishable from In re Bear River Drainage District, 10 Cir., 267 F.2d 849, where the appeal sought review of an order in a case which had been remanded to the state court, leaving the Federal court without jurisdiction, thus rendering the appeal "a futile thing." See Hammond Hotel & Improvement Co. v. Finlayson, 7 Cir., 6 F.2d 446, 447. A remand order is not subject to review either directly or indirectly. Pacific Live Stock Company v. Lewis, 241 U.S. 440, 447, 36 S.Ct. 637, 60 L.Ed. 1084.

The railroad defendants timely removed the action to the United States District Court of Utah on their allegation to the effect that the action arose under an act of Congress regulating commerce, and as such was a civil action or proceedings of which the District Court had original jurisdiction. The motion to remand was denied and the trial of the case was "continued without date pending outcome of proceedings before the Interstate Commerce Commission."

Thereafter the appellant Structural Steel and Forge Company and other similarly situated intrastate shippers brought the class action in the Utah state court, the prosecution of which was enjoined by the order in the removed Thermoid case, from which this appeal is taken. The suit was against the same railroads to recover rate charges assessed and collected under authority of the vacated order of the Interstate Commerce Commission as in the removed case. Without making any reference to the order of the Interstate Commerce Commission, the complaint merely alleged that the rates charged and collected while the order of the Interstate Commerce Commission was in effect were in excess of those provided in the schedules of the defendant railroads on file with the Public Service Commission of Utah and therefore excessive and illegal, and that the complainants were entitled to recover such excessive charges.

Without attempting to remove the latter action to the federal court, the railroads in the removed case moved to enjoin the parties from prosecuting the state court action, on the grounds that the attorneys in the removed action had also filed the subsequent class action in the state court and had threatened to file numerous like suits; that said suits were "unnecessary, vexatious, burdensome, and would cause defendants irreparable damages in expenses they would necessarily have to incur in defending such action, and would circumvent, impair and render futile the jurisdiction of this court in the instant case."

Upon statement of counsel, the court seemed to think that the filing of the state court litigation as a class action with an invitation to other parties similarly situated to intervene, was a plan and scheme to frustrate federal court jurisdiction. These considerations apparently prompted the court to enter the challenged injunctive order. At the bar of the court, and by subsequent pleadings, the appellants have waived any defect in service and entered their appearance in the action for the purpose of testing the jurisdiction and propriety of the court to enjoin the state court litigation.

Except as otherwise expressly provided, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441, Title 28 U.S.C.A. And, when this suit was commenced the district courts had "original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States." § 1331, Title 28 U.S.C.A. And, the district courts also "have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce * * *" regardless of the amount in controversy or the citizenship of the parties. § 1337, Title 28 U.S.C.A.

■ The latter statute is invoked as a basis for removability. But whether it is made to depend upon the "general" or the "special" statute, the long established test is whether the stated claim on which relief can be granted really and substantially involves a dispute or controversy in respect of the validity, construction or effect of federal law, upon the determination of which the result depends. Otherwise stated, "A right or immunity created by the laws of the

United States must be an essential element of the plaintiff's cause of action, and the right or immunity must be such that it will be supported if one construction or effect is given to the laws of the United States and will be defeated if another construction or effect is given. And a genuine and present controversy of that kind must be disclosed upon the face of the complaint, unaided by the petition for removal or the answer." Andersen v. Bingham & Garfield Ry. Co., 10 Cir., 169 F.2d 328, 330, 14 A.L.R.2d 987. See also cases collected 14 A.L.R.2d 992; 13 A.L.R.2d 390; 12 A.L.R.2d 5. All doubts concerning federal court jurisdiction must be resolved against it. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194. We of course know the rule. Difficulty comes only with its application to the complaint.

■ Stripped of its irrelevancies, the removed claim is that the defendant railroads exacted a rate for intrastate shipments in excess of those established and on file with the competent state regulatory body, and the prayer is for restitution of the same. In substance, it is the same as the Structural Steel claim in the state court. Surely both complaints state a claim on which relief can be granted under the laws of the State of Utah, i. e., the right not to be required to pay a higher rate on intrastate shipments than that prescribed by applicable state law, rule or regulation. The reference then to the void or vacated order of the Interstate Commerce Commission as a basis for the charges, was not an essential ingredient of the claim for restitution. As a gratuitous anticipation of a defense founded in federal law, it will not suffice to confer federal court jurisdiction. State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; City of Monroe v. Detroit, M. & T. S. L. Ry., D.C., 257

F. 782; Venner v. New York Central R. Co., 6 Cir., 293 F. 373.

■ But even though a valid rate order does emerge to ultimately condition the right of recovery in these actions, the claim does not for that reason arise out of an act of Congress regulating commerce. For, as the matter now stands, the rate order has been vacated and the case recommitted to the Interstate Commerce Commission for further proceedings on jurisdictional fact. And, it does not lie within the competence of the federal court in the removed Thermoid case, or the state court in the Structural Steel case, to determine and promulgate applicable rates under any act of Congress regulating commerce. That essential function has been committed exclusively to the Interstate Commerce Commission with prescribed judicial review unavailable here. Indeed, this case has been continued pending the outcome of that course of litigation. And so at most, federal law lurks in the background to determine the result of this litigation. Moreover, any final order establishing prevailing rates after further hearing before the Interstate Commerce Commission may very well be prospective in effect, leaving the subject matter of these actions unsupported by any valid order. In which event, the right to prevail would depend upon traditional notions of equity as in Atlantic Coast Line R. Co. v. State of Florida, 295 U.S. 301, 55 S.Ct. 713, 79 L.Ed. 1451—not federal law. Jurisdiction wise, our case is wholly unlike Atlantic Coast Line R. Co. v. State of Florida, supra; and United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429, where restitution was sought in a federal court with conceded jurisdiction to review the administrative rate-making process.

We conclude that the Thermoid case was improperly removed to the federal court and that the court was therefore without jurisdiction to enter the stay order. The case is accordingly reversed and remanded, with directions to grant the motion to remand.