BROCK v. NORTHWESTERN FUEL COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF IOWA.

No. 210. Argued and submitted March 19, 1889. — Decided April 8, 1889.

When it does not appear, affirmatively, from the record that the Circuit Court had jurisdiction, the judgment below will be reversed and the cause remanded for further proceedings in accordance with law.

THE Northwestern Fuel Company, a Minnesota corporation, brought this action, February 18, 1882, to recover from the plaintiffs in error, citizens of Iowa, the sum of $1309.50, alleged to be due under a written contract, made July 21, 1881, between the latter and the What Cheer Land and Coal Company, a corporation alleged to be " doing business in the State of

Iowa;" the benefits of which contract were assigned by that company to the plaintiff. The contract related to coal to be mined by the What Cheer Land and Coal Company at its mine in Iowa, and which Brock & Co. agreed to receive and pay for at certain specified rates. The defendants, Brock and McKenzie, in their answer, asserted a counter claim of $20,000 against the plaintiff. There was a verdict against the defendants for $1402.47. The case was brought here for review in respect to numerous errors of law alleged to have been committed by the court below, to the prejudice of the defendants.

*Mr. Charles A. Clark* for plaintiffs in error.

*Mr. C. D. O'Brien* submitted for defendant in error.

Mr. JUSTICE HARLAN stated the case as above reported and delivered the opinion of the court.

The act of 1875 declares that no Circuit or District Court shall have " cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange." 18 Stat. 470. It does not appear that the What Cheer Land and Coal Company, the plaintiffs' assignor, could have brought suit on the contract in question, if no assignment had been made. The record does not show of what State it is a corporation. The allegation that it was " doing business in the State of Iowa" does not necessarily import that it was created by the laws of that State. But if that allegation were held sufficient to show it was an Iowa corporation, the result would be the same, because, in that case, it would appear that the parties to the original contract were all citizens of Iowa, and consequently that the assignor could not have sued the defendants in the Circuit Court of the United States.

The judgment is reversed upon the ground that it does not

appear, affirmatively, from the record that the Circuit Court had jurisdiction, *Metcalf* v. *Watertown*, 128 U. S. 588, and the cause is remanded for further proceedings in accordance with law.

*Reversed.*