ROUTH *v.* BOYD *et al.*

(*Circuit Court, D. Indiana.* July 11, 1892.)

No. 8.623.

1. PATENTS FOR INVENTIONS—ASSIGNMENT AND LICENSE.
   Letters patent were granted for a new improvement in school desks. The patentees formed a copartnership for its manufacture and sale, which, becoming involved in debt, was dissolved. The plant and manufactory were transferred to one of the firm, who agreed to carry on the business and pay off the indebtedness, and relieve the other member from all liability for the firm's debts. A deed for the plant was executed by the retiring member and placed in escrow, to be delivered on the performance of the condition. There was no mention of the letters patent in the deed or agreement. *Held,* that the right to manufacture and sell the patented improvement continued so long as the condition was complied with, and the custodian of the deed had a right to deliver it upon full performance of the condition.

2. FEDERAL JURISDICTION—BREACH OF CONTRACT AS TO PATENTS.
   Where the right to manufacture and sell a certain patented improvement was dependent on the performance of a condition contained in the agreement of transfer, the question of the breach of the condition must be first settled in favor of plaintiff before the federal courts can have jurisdiction of an action to recover damages for the unauthorized manufacture and sale of the articles.

At Law. Action by James R. Routh against Rader J. Boyd and others. Heard on demurrer to the complaint. Demurrer sustained.

*Julian & Julian,* for complainant.

*Montgomery Marsh* and *T. S. Rollins,* for defendants.

BAKER, District Judge. The question in this case arises on a demurrer to each paragraph of the complaint alleging that the court has no jurisdiction of the subject-matter. The complaint is in two paragraphs, which differ in no important particular. The parties to this action reside in this state, and the jurisdiction of the court depends on the question whether the cause of action is one which arises under the constitution and laws of the United States, or the treaties thereof. If the action is one to recover damages for the unauthorized manufacture and sale of articles whose manufacture and sale have been secured to the plaintiff by letters patent, then this court has jurisdiction; otherwise it has not. The agreement, which is made a part of each paragraph of the complaint, shows that Teal and Puterbaugh were granted letters patent for a new and useful improvement in school desks; that they formed a copartnership, erected a manufactory, and began to manufacture and sell the improvement in school desks at Greenfield, Hancock

county, Ind.; that, after carrying on the business for some time, they became deeply involved in debt; that thereupon they dissolved their copartnership, and the manufactory and other property, which had been used in the business, were transferred to Puterbaugh; that it was agreed that he should carry on the business and pay off the debts of the firm, and release Teal from all liability on account thereof; that to carry out this agreement a deed of conveyance of the plant was executed by Teal and wife to Puterbaugh, and was placed in escrow with one Boyd, to be delivered by him to Puterbaugh on his performance of the conditions contained in the agreement of dissolution; that Puterbaugh took possession of the manufactory, and proceeded to carry on the business for a period of time; that the custodian of the deed delivered the same to Puterbaugh on the assumption that he had performed the conditions which entitled him to the deed; that Puterbaugh afterwards conveyed the manufactory to the defendants, Boyd and Hinchman, who for the past nine years have been operating the factory and manufacturing and selling the improvement in school desks. Neither in the agreement nor in the deed is there any mention of the letters patent; nor is there, in terms, any grant of said letters patent, nor any license to use the improvement secured thereby. Facts are stated in each paragraph of the complaint, in various forms and at great length, to show that Puterbaugh did not perform his part of the agreement; that he got possession of the deed without right; and that, by his fraudulent and wrongful conduct, he lost whatever right had been secured to him by the contract. It is also alleged, because there was no reference to the letters patent in the agreement or deed, that he never acquired any right, as against Teal or his heirs, to manufacture or sell the patented improvement in school desks without an accounting.

It is earnestly argued by counsel for plaintiff that these facts show that Puterbaugh never acquired the right to manufacture or sell the patented improvement in school desks, or, if he did, that his right to do so only continued so long as he should perform his part of the agreement. Consequently it is insisted that he could not, as against Teal and his heirs, grant to the defendants, Boyd and Hinchman, the exclusive right to manufacture and sell the patented improvement in school desks. When the plant was turned over to Puterbaugh on the agreement that he should carry it on and pay off the firm debts, the right to manufacture the improvement in school desks passed to him just as effectually as though secured by apt words of grant or license. Whoever grants a thing is supposed also tacitly to grant that without which the grant itself would be of no effect. *Cuicunque aliquis quid concedit concedere videtur et id sine quo res ipsa esse non potuit.* Liford's Case, 11 Co. Rep. 52. The law enters as a silent factor into every agreement. Stipulations which the law imports into a contract become as effectually a part of the contract as though they were expressly written therein. *Long* v. *Straus*, 107 Ind. 94, 6 N. E. Rep. 123, and 7 N. E. Rep. 763. In the absence of fraud, accident, or mistake, stipulations thus imported into a contract cannot be varied by averment or proof. *Snow* v. *Railway Co.*, 109 Ind.

422, 9 N. E. Rep. 702. Every averment in the complaint variant from the legal effect of the agreement is without force.

It follows that the character of the complaint must be determined from the express and implied stipulations of the contract. The agreement conveyed to Puterbaugh, by necessary implication, the right to manufacture and sell the patented improvement in school desks so long as he complied with the conditions of the contract. It also gave the custodian of the deed the right to deliver the same to Puterbaugh upon his performance of the contract. It is shown, with great prolixity of averment, that Puterbaugh failed to perform the contract, and that his rights thereunder ceased, and the rights of Teal reverted to him or his heirs, and that the delivery of the deed by Boyd was unauthorized 'and wrongful. The pleader deduces as a conclusion from these premises that the defendants, Boyd and Hinchman, are infringing the patent in manufacturing the patented improvement in school desks. But whether they are invading the rights of the plaintiff depends on the question whether the conditions of the agreement have been performed or not. If Puterbaugh or his assigns have fully performed all the conditions of the agreement, then they are entitled to the deed for the plant, and they have the right to manufacture the improvement in school desks in their factory. The primary and controlling question involved in each paragraph of the complaint is whether the agreement has been performed or violated. If it has been performed, the plaintiff has no cause of action. If it has been violated, he has a cause of action for its breach, and may recover all proximate damages arising therefrom. Among the elements of damage would be that arising from the unauthorized manufacture of the patented improvement in school desks. The cause of action set out in each paragraph of the complaint is for the recovery of damages growing out of the breach of this agreement. What is said about the infringement of the patent is incidental, and has no force until the question of the breach of the agreement is first settled in favor of the plaintiff. As each paragraph of the complaint exhibits a cause of action for the recovery of damages growing out of the breach of the agreement, it follows that the court has no jurisdiction of the subject-matter. The demurrer is sustained to each paragraph of the complaint, with leave to plaintiff to amend.