SILVER et al. v. HOLT.

(Circuit Court, D. Massachusetts. May 13, 1895.)

No. 514.

COPYRIGHT SUITS—CONTRACT RELATIONS—JURISDICTION OF FEDERAL COURTS.
A suit which, though charging infringement, and praying an injunction and account, is in reality merely a suit to enforce a contract between author and publisher, is not a case arising under the copyright laws, so as to be within the jurisdiction of the federal courts.

This was a suit in equity, brought by Edgar O. Silver and Silver, Burdett & Co., a New Jersey corporation, against Hosea E. Holt, praying an injunction against the publication and sale of certain musical compositions, and for an accounting of sales and profits made by defendant. The bill contained the following allegations:

(1) Shortly prior to March 28, 1885, the defendant and one John W. Tufts, both being then, as ever since, citizens of the United States, jointly composed two certain books, respectively entitled "The Normal Music Course. First Reader," and "The Normal Music Course. Second Reader," and a book of musical charts, entitled "Normal Music Course. Charts. First Series." Thereafter, and prior to said date, the titles of said three books were, as the plaintiffs are informed and believe, duly entered, for the securing of the copyright thereof, in the office of the librarian of congress at Washington, by certain persons, co-partners, under the firm name of D. Appleton & Co., being, as the plaintiffs are informed and believe, citizens of the United States, assigns of the said Tufts and the defendant of the said books; and said Tufts and the defendant and their said assigns, as the plaintiffs are informed and believe, did all other acts and things required by law for the procuring of the copyright in the said books. Thereafter, and between February 3, 1883, and March 28, 1885, said D. Appleton & Co. reassigned the said copyrights to the said Tufts and the defendant. (2) On or about January 1, 1887, said Tufts and the defendant, by a written agreement, a copy of which is hereto annexed, marked "Exhibit A," assigned to the plaintiff Edgar O. Silver the said copyrights, or granted to said plaintiff an exclusive license of publication of said books. No notice has been given by said Tufts and the defendant, under the third article of said agreement, or otherwise, for the termination of said assignment or license, and the plaintiffs are informed and advised and believe that the same is still in force. (3) Thereafter, and prior to July 19, 1889, said Tufts and the defendant jointly composed a new and revised edition of said "Normal Music Course. First Reader," entitled "The Normal Music Course. First Reader. New and Revised Edition," embodying therein new and original matter, and also a new and revised edition of said "Normal Music Course. Charts. First Series," entitled "Normal Music Course. Charts. First Series," and assigned the same to the firm of Silver, Rogers & Co., a co-partnership, composed of the plaintiff Edgar O. Silver and others, and then also, as the plaintiffs are informed and advised and believe, assigned to said Silver, Rogers & Co., by equitable assignment, the copyright then held at law by them, said Tufts and the defendant, in the matter contained in the said first edition of said book and book of charts, respectively. Said firm, as assigns of said Tufts and the defendant, then duly entered, for the securing of the copyright thereof by them, the said Silver, Rogers & Co., in the office of the librarian of congress at Washington, the title of the said books, to wit, the said new editions; and all other acts and things have been done required by law for the securing of the copyright in said books. (4) On or about August 25, 1892, the said Tufts, by a written assignment, such as is required by the laws of the United States, duly assigned to the plaintiff Edgar O. Silver all the plaintiff Tufts' interest in all the books, charts, and copyrights hereinbefore mentioned, and said assignment was duly recorded. Since the taking out of the copyrights of said new editions, all the rights of

said firm of Silver, Rogers & Co. in any and all the books, charts, and copyrights hereinbefore mentioned, except such as have, by reason of the premises, vested in the plaintiff Edgar O. Silver, have been assigned, by equitable assignment, to the plaintiff Silver, Burdett & Co. (5) The plaintiff Edgar O. Silver still continues to be, and is, the owner at law of all the legal interest of said Tufts in said books and copyrights vested in said plaintiff by the foregoing assignment from said Tufts; and he and the plaintiff Silver, Burdett & Co. still continue to be equitable owners of the interest assigned to them, as aforesaid, by said Silver, Rogers & Co. (6) At divers times during the period of twelve months preceding the filing of this bill, the defendant has, as the plaintiffs are informed and believe, unlawfully printed and published large numbers of a book entitled "H. E. Holt's New and Improved Normal Course in Music. First Reader," and a book of charts entitled "H. E. Holt's New and Improved Normal Course in Music. First Series. Charts"; and the same has been done by the defendant without the consent in writing or other consent, and against the protest, of the plaintiffs. Said books contain and embody large portions of the said books, charts, and editions described in the preceding paragraphs of this bill, and are, in large measure. reproductions of said books, charts, and editions, and are unlawful infringements of the same. (7) By the said unlawful acts of the defendant, the plaintiffs have sustained great damage, and are aggrieved in respect of their said titles to the said copyrights.

The contract attached to the bill, and marked "Exhibit A," was in full, as follows:

This agreement, by and between John W. Tufts, of Boston, county of Suffolk, and commonwealth of Massachusetts, and Hosea E. Holt, of Lexington, county of Middlesex, in said commonwealth, parties of the first part, and Edgar O. Silver, of said Boston, party of the second part, witnesseth: First. That said Tufts and Holt, as they are joint authors of a series of music readers, charts, and supplements thereto known as the "Normal Music Course," as well as co-equal owners of the copyrights, electrotypes, etc., of said publications, agree that said Silver shall have the exclusive right to print and publish the said series, including the First Reader, Second Reader, Third Reader for Female Voices, Third Reader for Mixed Voices, Aœdean Collection, High School Collection, First Series of Charts, Second Series of Charts, Drill Charts, and Rhythmic Charts,—other and future publications in the series to be subject to special contract,—during the term of three years from the date hereof; that they will not, without the consent in writing of the said Silver, write, print, or publish, or cause to be written, printed, or published. during the continuance of this agreement, any other edition of the said series, revised, corrected, enlarged, or abridged, or otherwise, or any series or books of a similar character tending to interfere with or injure the sales of the said series of music books; and that they will furnish the said Silver with all electrotype or other plates, wood or other designing or engraving, chart drawings, and generally everything of a similar character necessary to the manufacture of said series, and will keep the same in repair, and renew them when worn out. Second. That the said Silver agrees to print and publish the said Normal Music Course in a neat and appropriate manner, to pay all expenses of printing, publishing, and advertising the same, to employ the usual means of selling the said publications, save as hereinafter provided for, and to keep the market supplied with them as long as there shall be a reasonable demand for the same; that he will annually during the continuance of this agreement, on the first day of February, render to the said Tufts and Holt a statement in writing of the number of copies of said series that shall have been printed to the first day of January next preceding the date of such statement, and also of the number of copies that shall have been sold to the same date; and that he will thereupon pay to the said Tufts and Holt a sum of money equal to fifteen per cent. of the net wholesale prices of said publications, such wholesale prices to be determined by deducting the average rate of discount allowed the jobbers of Boston, New York, and Chicago with whom agreement shall be made for the supply of the trade of those cities, from the regular wholesale list prices of said publications, provided that such

percentage shall not be reckoned upon books given away, exchanged, or sold for introduction, unless the net proceeds of books for introductory purposes amount in any case to seventy-five per cent. of the wholesale list prices. Third. That said Tufts and Holt and Silver mutually agree that, to terminate this agreement at the end of three years from the date thereof, a notice in writing must be given thirty days at least before the expiration of the first year from the date hereof, and that, in default of such notice at the end of the first year, a period of one year shall be added to the term of this agreement, and also that, in default of such notice at the end of the second or any succeeding year, a further period of one year shall be added to the term of this agreement as then existing; so that in any event this agreement shall not be terminated absolutely until the end of two years, after that year in which such notice may be given. Fourth. That said Tufts and Holt and Silver mutually agree that, after any notice to terminate this agreement as above provided shall have been given, said Silver need not continue any agency work employed by him to sell or introduce said publications; but said Holt, in his prior capacity as publisher of said series, may undertake at his own expense to continue such agency work, provided that all sales in that way shall be made from the stock of said Silver. In witness whereof, we, John W. Tufts and Hosea E. Holt, parties of the first part, and Edgar O. Silver, party of the second part, have hereunto severally subscribed our names, this first day of September, in the year one thousand eight hundred and eighty-six.

The prayers of the bill were as follows:

That the defendant, his servants and agents, may be enjoined from further printing or publishing, and from selling or disposing of, any copies of so much of said book and book of charts so published by the defendant as aforesaid as is taken from the said book and charts of the plaintiffs, and from printing, publishing, or selling any other book or publications containing any portion of the matter so copyrighted and held by the plaintiffs as aforesaid; that, pending this suit, a preliminary injunction may issue against the said Hosea E. Holt, his servants and agents, from doing such acts as are sought to be restrained by the preceding prayer.

H. W. Chaplin, for complainants.
A. S. Hall and S. J. Edder, for defendant.

COLT, Circuit Judge. Upon the allegations contained in this bill, as I view them, the right to the relief prayed for is founded upon the agreement of September 1, 1886, between the plaintiff Silver and the defendant. This agreement appears to be the ordinary contract made between authors and publishers. The bill, therefore, does not present a case arising under the copyright laws of the United States. The suit is brought to enforce a contract. The case arises on the contract or out of the contract, and not under the copyright law. As jurisdiction in this case is not based upon diversity of citizenship, but upon the subject-matter, it follows that the court has no jurisdiction, and the demurrer must be sustained. Manufacturing Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756; Felix v. Scharnweber, 125 U. S. 54, 8 Sup. Ct. 759; Wilson v. Sandford, 10 How. 99; Hartell v. Tilghman, 99 U. S. 547; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550; Trading Co. v. Glaenzer, 30 Fed. 387; Routh v. Boyd, 51 Fed. 821; Pulte v. Derby, 5 McLean, 328, Fed. Cas. No. 11,465. Demurrer sustained.