## DANKS v. GORDON et al.

### (Circuit Court of Appeals, Second Circuit. March 2, 1921.)

### No. 110.

1. **Courts ⬤═280—Jurisdiction of federal court must affirmatively appear.**

   A federal court is presumed to be without jurisdiction of a suit until the contrary affirmatively appears, and unless it is so shown by the record a judgment given will be reversed.

2. **Courts ⬤═308—Diversity of citizenship must exist between all plaintiffs and all defendants.**

   To give a federal court jurisdiction on the ground of diversity of citizenship, all parties on one side must be citizens of different states from all persons on the other side.

3. **Copyrights ⬤═82—Bill for infringement must show complainant's title.**

   In a suit for infringement of copyright, the bill must show the right of complainant to the relief sought, not merely by an allegation that he is the proprietor, but by setting forth facts which show how he became proprietor and why he has the right to bring the suit.

4. **Copyrights ⬤═33, 76—Administrator has no right of renewal.**

   Under Copyright Act March 4, 1909, § 24 (Comp. St. § 9545), and all prior acts, including Act of 1831, the administrator of the proprietor of a copyright has no right of renewal and no interest in any renewal obtained after the death of his intestate which will sustain a suit for its infringement.

5. **Courts ⬤═291—Federal court without jurisdiction of suit on contract for royalties on copyrighted publication.**

   A suit to recover royalties agreed to be paid to an author out of the proceeds of the publication and sale of a copyrighted production is not one arising under the copyright laws, and as such within the jurisdiction of a federal court.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by Albert V. Danks, administrator, against Hamilton A. Gordon and others. Decree for complainant, and defendants appeal. Reversed.

This cause comes here on appeal from the United States District Court for the Eastern District of New York. This is a suit in equity for an injunction and an accounting.

It does not appear when this suit was commenced and the original bill of complaint does not appear in the record. An amended bill of complaint was apparently filed on July 6, 1916.

It appears that the complainant is the administrator with the will annexed of Hart P. Danks, who died on November 10, 1903; that on December 10, 1903, letters of administration were issued to Albertha N. Danks Builder as sole executrix; that after her death and on July 1, 1910, letters of administration with the will annexed were granted, to the complainant.

The complaint alleges the infringement of certain exclusive rights in 29 songs and musical compositions, the title to which is alleged to be in the estate of the complainant's testator.

The bill alleges that at the time of his death Danks was the owner, composer, and proprietor of certain copyrighted songs set to music. It states that several years prior to his death Danks had entered into an arrangement with Hamilton S. Gordon who was engaged in the business of publishing and selling music and songs. It was agreed that Gordon should print, publish, and

sell the copyrighted songs the music of which was written by Danks paying to the latter royalties therefor. After the death of Danks his executrix and daughter Albertha N. Danks Builder continued the arrangement with Gordon and received royalties from him. After her death and the appointment of complainant as administrator with the will annexed, he continued the agreement with Gordon for the publication of the songs and musical compositions until Gordon's death on June 1, 1914. Then complainant continued the agreement with the Estate of Gordon until June 1, 1918, since which time the defendants have made no further payments on account of royalties claimed to be due to the estate of Hart P. Danks.

The suit was originally begun against Elizabeth Adair Gordon, individually and as administratrix of the estate of her husband, Hamilton S. Gordon, deceased, and her four sons, together with Harriet P. Danks, the widow of Hart P. Danks, and their two children.

Every one in the Danks and Gordon families was before the court. The action was delayed for more than a year by the failure of defendants to file answers to the interrogatories, and then further by the death of the defendant Elizabeth Adair Gordon. Then by stipulation and order the action was continued against Hamilton A. Gordon as administrator with the will annexed of the estate of his father, and as administrator of the estate of his mother.

The bill alleges that on April 10, 1916, the plaintiff as administrator with the will annexed of the estate of Hart P. Danks caused a written notice to be served upon the defendants Gordon revoking the license or permission given to them to print, publish, or sell the songs or musical publications belonging to the Danks estate, and informing them that any subsequent publication or sale would be deemed an infringement. And it states that the defendants Gordon have failed, neglected, and refused to comply with any of the aforesaid demands. An injunction and an accounting are prayed. It also made demand for the delivery to the complainant as such administrator of all property, then in possession or under their control, belonging to the estate of Hart P. Danks, deceased, including all the plates of the songs, and others, set to music, and mentioned in the notice. It also demanded a full and complete statement and account of the number of copies of said musical compositions and each of them, printed, published, and sold by them, together with the names and addresses of the printers thereof; and demand was made upon them for an examination of their books containing entries relating to the printing, publication, and sale of said musical compositions.

Frank B. Golton, of New York City (Irving M. Obrieght, of New York City, of counsel), for appellant.

Effingham L. Holywell, of Brooklyn, N. Y., for complainant appellee.

Alfred M. Schaffer and Begg, Begg & Begg, all of New York City, for defendants appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The District Judge has found and decreed that Hart P. Danks was the composer and at the time of his death was the owner of the songs and musical compositions mentioned in the margin,[1] and that he was also the owner and composer of certain other songs and musical compositions separately classified by the District Judge and which are also to

---

[1] "Silver Threads Among the Gold"; "Glad Tidings"; "We Will be Glad and Rejoice"; "I Will Give Thanks"; "Don't Be Angry with Me Darling"; "Roses Under the Snow"; "Clinging to Christ"; "Gloria Patri"; "Deus Miseratur"; "Gloria Patri in D"; "When Silver Threads Are Gold Again."

be found in the margin.[2] He has also found that during the lifetime of Danks the said songs and musical compositions were duly copyrighted by him or on his behalf; that his estate has been and still is the sole owner and proprietor thereof except of such of the said songs or musical compositions, the copyrights of which have been renewed or extended since his death; that ever since the date of such renewals or extensions the title thereto has been and still is vested in the defendant Harriet P. Danks (his widow) originally named as Margaret P. Danks in the title of the action, and the defendants Gertrude L. Danks, and Albert V. Danks, his only surviving children. He has also found that the Gordon defendants have infringed and violated the exclusive rights of the complainant and of the Danks defendants. He has ordered an accounting and a perpetual injunction.

The record fails to disclose that when the case was heard by the District Judge any objection to the jurisdiction was raised by counsel at any stage of the proceedings. And in the opinion handed down no allusion is made to the question of jurisdiction. At the argument in this court, however, reference was made to the subject. But if it had not been it would have been our duty to have noticed it.

[1] The jurisdiction and powers of federal courts are derived from the Constitution and the acts of Congress. They possess only such powers as have been conferred upon them. In an action in such courts it is presumed that the court is without jurisdiction until the contrary affirmatively appears. Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057. The jurisdiction should be affirmatively shown by the record, and if it is not so shown a judgment given under such circumstances will be reversed. Mattingly v. Northwestern Virginia R. Co., 158 U. S. 53, 15 Sup. Ct. 725, 39 L. Ed. 894; Brock v. Northwestern Fuel Co., 130 U. S. 341, 9 Sup. Ct. 552, 32 L. Ed. 905; Continental Life Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380. Although the lack of jurisdiction is ignored at the argument by each side, the court will of its own motion notice it and act accordingly.

If the court had jurisdiction of this suit, it must be either because there exists "diversity of citizenship" between the parties, or because it presents a question arising under the Copyright Acts of Congress. We shall inquire first whether the requisite diversity of citizenship exists. The amended bill of complaint alleges:

"That your orator is a citizen of the United States, and an inhabitant of the borough of Brooklyn, city and state of New York; that the defendants Elizabeth Adair Gordon, Hamilton A. Gordon, Clarence T. Gordon, and Herbert H. Gordon are all citizens of the United States and inhabitants of East Orange in the state of New Jersey; that the defendants Harriet P. Danks and Gertrude L. Danks are citizens of the United States and inhabitants of the borough of Manhattan, city and state of New York."

---

[2] "Easter Anthem in D"; "Memory Pictures on the Wall"; "Lift Your Glad Voices"; "'Tis Sweet to Think of Heaven"; "Bonum Est Ab"; "Angels Roll the Rock Away"; "Gloria in Excelsis"; "Sweet Aileen"; "I Will Arise"; "At the Lambs"; "Jubilate Deo"; "Day of Resurrection"; "Let the Angels In"; "Come and See the Place"; "Moonbeams on the Snow"; "Cantata Domina"; "Benedic Anima Mea"; "Te Deum Laudamus."

From this it appears that the complainant is a citizen of the state of New York, and that two of the defendants are citizens of the same state, while the other four defendants reside in the state of New Jersey.

[2] A controversy is not between citizens of different states so as to give jurisdiction to the federal courts unless all the persons on one side of it are citizens of different states from all the persons on the other side. Gage v. Carraher, 154 U. S. 656, 14 Sup. Ct. 1190, 25 L. Ed. 989; Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 30 L. Ed. 70. Where one or more of the complainants and one or more of the respondents are citizens of the same state, this is fatal to the jurisdiction of the court if the jurisdiction rests simply on the ground of diversity of citizenship. Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. If the jurisdiction of the court is to be sustained, it must be on some other ground than that of diversity of citizenship.

We come then to inquire whether jurisdiction can be sustained upon the theory that a right is involved which is derived from the Copyright Acts of Congress. It is undoubted that the federal courts have jurisdiction of suits at law or in equity arising under the copyright laws. 36 U. S. St. at L. c. 231, p. 1092, § 24, par. 7; Barnes' Federal Code 1919, p. 183, § 783 (Comp. St. § 991 [7]). The jurisdiction in such cases is irrespective of citizenship. Photo-Drama Motion Picture Co., Inc., v. Social Uplift Film Corporation, 220 Fed. 448, 137 C. C. A. 42. And such jurisdiction when it exists is exclusive, 36 U. S. St. at L. c. 251, p. 1161, § 256, par. 5; Barnes' Fed. Code 1919, p. 247, § 1021 (section 1233).

[3, 4] In an action for infringement of copyright the plaintiff's bill must show title in the plaintiff to the relief sought. The complainant must show his title not merely by an allegation that he is the proprietor but by setting forth facts which show how he became proprietor and why he has the right to bring the action. Crown Feature Film Co. v. Levy, 202 Fed. (D. C.) 805; Bosselman v. Richardson, 174 Fed. 622, 98 C. C. A. 127. The bill in the case under consideration states that at the time of his death Hart P. Danks, the plaintiff's testator, was the owner, composer, and proprietor of certain copyrighted songs set to music. It avers the death of Danks and the appointment of the plaintiff as the administrator with the will annexed. It alleges that the estate of Danks is now the sole and exclusive owner of the copyrighted songs and musical compositions mentioned therein except such as have been renewed or extended since Danks' death title to which is said now to be vested in the defendants Harriet P. Danks, Gertrude L. Danks, and Albert V. Danks. As to the averment of the title which is said to be vested in Harriet P. Danks, Gertrude L. Danks, and Albert V. Danks it may be disregarded. The title of the administrator is the title and the sole title upon which the jurisdiction of the court in this case depends. If the averments in the complaint that the estate owns the copyright are not sustained by the evidence, and no title is shown to be in the administrator, the bill certainly must be dismissed for want of jurisdiction.

The evidence discloses that the only subsisting copyrights in the name of Danks are four.

1. "Silver Threads Among the Gold": The words were by Eben M. Rexford and the music by H. P. Danks. The first copyright was granted on February 17, 1873, and was secured by C. W. Harris as proprietor. He assigned this to Gordon. It was renewed in 1901 by H. P. Danks and was extended in 1915 in names of Harriet P. Danks, Albert V. Danks, Gertrude L. Danks and Lillian P. Builder.

2. "Don't Be Angry with Me Darling": The words were by W. L. Gardner and the music by H. P. Danks. The original record of deposit for copyright was by E. L. Wheeler on September 30, 1870, the right whereof E. L. Wheeler claimed as proprietor. It was assigned by Wheeler to C. W. Harris and by the latter to Gordon. It was extended from March 21, 1912, in the names of Harriet R. Danks, Gertrude L. Danks, Albert V. Danks, and Lillian P. Builder (the widow and daughters of H. P. Danks).

3. "Memory Picture on the Wall": Song and chorus composed by H. P. Danks. Certificate of deposit on July 2, 1886, by S. T. Gordon & Son. Right claimed by the latter as proprietors. Application of renewal of copyright for 28 years, dated June 27, 1914. Registered in names of Harriet R. Danks, Gertrude L. Danks, Albert V. Danks, and Lillian P. Builder.

4. "Easter Anthem in D": Music by H. P. Danks. Deposit for copyright on February 11, 1885, by S. T. Gordon & Son, they claiming as proprietors. Application for renewal registered in names of Harriet R. Danks, Gertrude L. Danks, Albert V. Danks, and Lillian P. Builder.

We shall not pass upon the validity of the attempted renewal of these copyrights. We do not regard them as properly before us for that purpose. But we refer to them simply to point out that this complainant suing as the administrator of H. P. Danks has as such no possible interest in any one of the above only subsisting copyrights in the name of Danks. As administrator of H. P. Danks he could not renew a single copyright, and as administrator he has no interest in any copyright of H. P. Danks which has been renewed since the latter's death. Under the original Copyright Act of 1790 (1 Stat. 124), the right of renewal was given to an author, his executors, administrators, or assigns. But the Act of 1831 (4 Stat. 436) and all subsequent acts have confined the right of renewal to the author if living "or the widow, widower or children of the author, if the author be not living, or if such author, widow, widower or children be not living, then by the author's executors, or in the absence of a will, his next of kin." Barnes' Federal Code 1919, § 9045, p. 2148 (Comp. St. § 9545). It will be noticed that while an executor is mentioned an administrator is not and therefore has been regarded as excluded. White-Smith Music Publishing Co. v. Goff (C. C.) 180 Fed. 256, 258. The right of renewal does not follow the author's estate but the renewal right is derived directly from the statute.

The composition entitled "Silver Threads Among the Gold" is the most important of the songs or musical compositions involved. In-

deed, the counsel for the defendants stated at the trial, and the counsel for the complainant at the argument in this court coincided in the opinion, that that one song was really the main issue in the case as it was the only one of the publications which had "been sold in any quantity whatever by anybody at all." That song has had an extensive sale before and since the death of Danks. The number of copies sold since his death and up to the time of the trial amounted to 1,911,-112. The words of the song were written by Eben E. Rexford and the music by H. P. Danks. It was copyrighted in 1873 by C. W. Harris. The copyright was renewed in 1901 by H. P. Danks, which renewal expired in 14 years. And in 1915 it was renewed by H. R. Danks, A. V. Danks, G. L. Danks, and L. P. Builder. In other words, it was renewed by the widow and children. When this amended bill of complaint was filed on July 6, 1916, there was no title in this composition in the administrator to be infringed. This is not to be understood as a denial that the administrator may have had at that time a claim for royalties due to the estate under a contract between H. P. Danks and the defendants Gordon and arising during the renewal period. We are about to consider the bearing of that matter upon the question of jurisdiction.

It is sufficient to say that no infringement is claimed prior to a notice given on or about April 10, 1916, by the administrator and which he claims terminated the agreement as to the right of the Gordons to publish and sell the musical compositions the copyright of which Danks had renewed. Prior to the giving of that notice, title in the administrator under the renewal of 1901 had expired and there was no title in him to be infringed, and therefore no title to support the court's jurisdiction in this case. Before leaving this phase of the case, however, we call attention to the language of the copyright certificate introduced in evidence by the complainant and marked as "Exhibit 3 PPP." It reads as follows:

"Copyright certificate under Act of 1909 of registry of application for extension for further period of 14 years (so that entire term shall equal 56 years). In names of Harriet R. Danks, Gertrude L. Danks, Albert V. Danks, and Lillian P. Builder; copyright claimed by widow and children of deceased author; title 'Silver Threads Among the Gold.' Song and chorus. Words by Eben E. Rexford, music by H. P. Danks. Date of renewal registration February 15, 1901. Name of first renewal claimant Hart P. Danks."

But it may be said in passing that if the administrator did have a title to be infringed at the time the amended bill was filed, there is no proof in the record of a single instance of the printing, publishing, or selling of any of the copyrighted songs and musical compositions after the alleged infringement and revocation notice was given and no claim is made of any infringement prior to such notice.

The incontestable fact is that the complainant who sues as the administrator of H. P. Danks is shown by the record not to be the owner of a single copyright for the infringement of which he complains. The court below has erroneously found that Hart P. Danks at the time of his death was the owner of the musical compositions mentioned in the bill. There is nothing in the record to support that finding but the record shows exactly the contrary.

We will refer in conclusion to the admission already made that while the administrator had no title in the copyright at the time the amended bill was filed, he may have a claim for unpaid royalties. If he has any such claim, and the bill asserts it, the question is whether the court below had any jurisdiction to determine it. From what has been already said it would seem that the jurisdiction does not exist.

[5] As respects jurisdiction the statute provides that the district courts shall have original jurisdiction of all suits at law or in equity arising under the copyright laws. If a suit to recover royalties agreed to be paid to an author out of the proceeds realized from the publication and sale of a copyrighted production is one which arises under the copyright laws, then the court not only had jurisdiction, but it had exclusive jurisdiction. U. S. Compiled Statutes Ann. (1916) vol. 2, p. 1841, § 1233, par. 5. In all such cases it is necessary to distinguish between the copyright and a contract of which the copyright is the subject-matter. If the suit is one brought to enforce a right based upon a contract which relates to a copyrighted production, the suit is one which arises out of the contract and is not one arising under the copyright statute, and the federal courts are without jurisdiction. See Wade v. Lawder, 165 U. S. 624, 17 Sup. Ct. 425, 41 L. Ed. 851; Dale Tile Manufacturing Co. v. Hyatt, 125 U. S. 46, 52, 8 Sup. Ct. 756, 31 L. Ed. 683; Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357; Brown v. Shannon, 20 How. 55, 15 L. Ed. 826; Silver v. Holt (C. C.) 84 Fed. 809; Hoyt v. Bates (C. C.) 81 Fed. 641. It is well settled that a suit for royalties reserved upon the sale of a patent right is not a suit arising under the patent laws. There are repeated decisions to that effect. Briggs v. United Shoe Co., 239 U. S. 48, 36 Sup. Ct. 6, 60 L. Ed. 138; Geneva Furniture Co. v. Karpen, 238 U. S. 254, 259, 35 Sup. Ct. 788, 59 L. Ed. 1295; Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U. S. 282, 285, 22 Sup. Ct. 681, 46 L. Ed. 910. In the case last cited it is said:

"That the rule is well settled that, if the suit be brought to enforce or set aside a contract though such contract be connected with a patent, it is not a suit under the patent laws," and jurisdiction can only be maintained upon the ground of diversity of citizenship.

The same principle applies to royalties under a copyright as to royalties under a patent. It is impossible to distinguish in principle between them. Carl Laemmle Music Co. v. Stern, 219 Fed. 534, 135 C. C. A. 284.

It has been held that a suit although charging infringement and praying an injunction and account, which is in reality merely a suit to enforce a contract between an author and a publisher, is not a case arising under the copyright laws so as to be within the jurisdiction of the federal courts. Silver v. Holt, supra.

While the bill in the present suit alleges title in the complainant and infringement, we have seen that he possesses no title and that there has been no infringement therefore of what does not exist in him. The suit in reality is one merely to compel the defendants to pay over royalties claimed to be due under a contract.

There being no diversity of citizenship, and as the question involved does not arise under the copyright laws, the court was without jurisdiction.

The decree is reversed with directions to dismiss the bill.