### FOX FILM CORPORATION v. KNOWLES et al.

(District Court, E. D. New York.  June 28, 1921.)

1. **Copyrights ⬅82—Objections to bill for infringement of renewal not sustained.**

    A bill for infringement of a copyright renewed under Copyright Act, § 23 (Comp. St. § 9544), alleging that the renewal was granted to an executor and was "duly obtained," *held* sufficient to show a right of action as against a motion to dismiss, as importing the existence of a will and the nonexistence of living widow or children of the author, having exclusive, prior right of renewal.

2. **Copyrights ⬅33—Right of renewal is new property right.**

    The right to renew a copyright, given by Copyright Act, § 23 (Comp. St. § 9544), is a new property right vesting exclusively in the persons enumerated in the statute in the order named and which cannot be affected by any assignment or other action by the author with respect to the original copyright.

3. **Copyrights ⬅33—Notice of copyright by person obtaining renewal as executor held sufficient.**

    Notice of copyright by the person who obtained a renewal as executor of the author *held* sufficient where the renewed copyright vests in the estate.

4. **Copyrights ⬅33—Executor cannot renew where author dies before renewal period.**

    The author of a copyrighted work who dies more than a year before expiration of the copyright has no right of renewal under Copyright Act § 23 (Comp. St. § 9544) which he can bequeath as part of his estate, but, where he leaves neither widow nor children, such right vests directly, under the statute, in his next of kin, and cannot be exercised by his executor.

In Equity.  Suit by the Fox Film Corporation against Frederick M. Knowles and others.  On motion to dismiss bill.  Granted.

Saul E. Rogers, of New York City (Percy Heiliger, of New York City, of counsel), for complainant.

Bick, Godnick & Freedman, of Brooklyn, N. Y. (Fred Francis Weiss and Louis R. Bick, both of Brooklyn, N. Y., of counsel), for defendants.

CHATFIELD, District Judge.  The defendants move for judgment under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) dismissing a bill of complaint charging infringement of copyright.  This application is exactly similar to one made in the case of Fox Film Corporation v.

Frederick M. Knowles and Others, 275 Fed. 582, in the Southern district of New York, in which the bill was dismissed upon a decision filed May 18, 1921, by Knox, District Judge. As the principles of law involved have been recently passed upon in the case of Danks v. Gordon, 272 Fed. 821, decided by the Circuit Court of Appeals upon the 2d day of March, 1921, and the case of Silverman v. Sunrise Pictures Corporation, 273 Fed. 909, decided by the Circuit Court of Appeals on the 11th day of May, 1921, it is unnecessary to repeat the various propositions discussed and determined in those decisions.

[1] But three points are presented on this application. In the first place, it is suggested that the plaintiff has failed to allege a cause of action because it has neglected to state specifically that an executor recording a copyright and claiming the copyright as legatee took such action in the absence of any living widow, children, or next of kin of the author.

If we were considering the matter of jurisdiction in the District Court, as was the case in Danks v. Gordon, supra, allegations of fact rather than conclusions of law would be necessary so as to make out prima facie grounds for the exercise of jurisdiction by this court. But in this case jurisdiction is undoubted. An allegation that action was had by an executor plainly imports a will, thus excluding next of kin under the statute. An allegation that the copyright was duly obtained, when admitted for the purpose of this motion, makes it unnecessary to specifically allege the nonexistence of other persons entitled.

In order to avoid confusion, as was held by Judge Knox in the case in the Southern district, amendment could be had, but is unnecessary, as the present motion cannot be supported on any such ground.

[2] The real point in the case is the question whether Will Carleton, the author of the copyrighted poems, who had assigned his interest, including authority to copyright, to Harper & Bros., many years previous, could, by will, at the time of his decease in 1913, transfer to his executor or legatee under the will the capacity to obtain, under the provisions of the copyright statute, any interest by filing a notice of renewal on January 21, 1915, just one month prior to the date of expiration of the previous copyright.

The cases cited and also Paige v. Banks, 80 U. S. (13 Wall.) 608, 20 L. Ed. 709 (decided with respect to the language of the previous statute of May 31, 1790 [1 Stat. 124]), established the proposition that no assignment of copyright or of right to copyright, can anticipate or assign away the right of renewal which is conferred upon the author, widow, children, next of kin, or executor by the statute. In other words, the property right obtained by the filing of a copyright is the power to prevent copying or use of the material during the period provided for by statute. Neither the author nor his assignee possess any rights or powers which can be transferred in such a way as to run beyond that period. When the renewal of the copyright is sought, a new property right is created and a new power to prevent copying given to the persons entitled, not in any way dependent upon the previous bestowal of a similar authority.

When there are no widow, children, or next of kin, and the right of renewal vests in an executor, the right must become property which is a part of the estate. Upon the happening of the condition subsequent, the estate thus gains the renewal of the copyright, and the person then entitled to receive the estate or that part of it which includes the renewed copyright will receive the benefit at the hands of the executor. No formal transfer by the executor is necessary, as evidently the executor can hold this property right only subject to accounting for and turning over the estate.

[3] A third objection is raised in the present case because notice of copyright, after renewal by the executor, was printed as "Copyright 1915, by Norman E. Goodrich."

Section 18 of the Copyright Law of 1909 (Comp. St. § 9539), which was in force at that time, did not require that the name of the person entitled to file the copyright should be printed, and this notice would seem to be sufficient under the statutes, if on January 21, 1915, the filing of a renewal of copyright by the executor of Will Carleton, the author of the poems in question, secured the copyright to the estate. The executor was also sole legatee, and, if he obtained the rights to this renewal, these rights would upon his decease pass under his own will. The plaintiff in this case claims these rights by assignment from this legatee.

[4] The conclusion of the court in the case of Fox Film Corporation v. Knowles and Others, in the Southern district, that the executor and legatee of Will Carleton, deceased, obtained no valid copyright by filing the notice of renewal, is based upon the statement in the Silverman Case, supra, as follows:

"We construe the section as vesting the right in, or imposing the duty on executors, only when the power or privilege of obtaining renewal was existing in the testator-author at the moment of decease."

It is apparent that in 1915 the decedent, Will Carleton, had no power to make any disposition with respect to the copyright then in existence. But the point which must now be decided is whether the right to renew the copyright was lost to his estate, and passed to his next of kin directly, if the decedent left him surviving no widow or children, who were living during the last year before the expiration of the earlier copyright, when the decedent's death occurred before the beginning of this year.

In Danks v. Gordon, supra, and Silverman v. Sunrise Pictures Corporation, supra, it was held that an administrator, as such, obtained no right of renewal of a copyright. It evidently follows that next of kin may take directly, but that their rights do not pass through the hands of the administrator; that is, that their rights are not a part of the estate of the decedent. If the right of renewal is not a part of the estate of the decedent, then it would not pass by will. The only purpose of including the word "executor" in the statute must then have been to cover the possible situation presented by the death of an author before renewing a copyright but within the year during which a copyright might be renewed, where no widow or children were living

at the time, and where the decedent, by living until his power of renewal had accrued, obtained thereby a property right which was recognizable as part of his estate, as soon as the privilege was exercised.

On this view of the statute as interpreted by the cases, the author, Will Carleton, at his decease had no rights which he could dispose of in the old copyright which he had assigned. He had no rights which he could dispose of in the power of renewal, as the time when such rights could be conferred by renewal had not arrived. The power to renew apparently vested in his next of kin and was not exercised, and no valid copyright for the renewal period now exists.

The motion must therefore be granted, and the complaint dismissed.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes