## WOODS et al. v. FIRST NAT. BANK OF ALBUQUERQUE, N. M.

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926. On Petition for Rehearing, January 31, 1927.)

No. 4873.

1. **Courts ⊚═323—Assignee of chose in action, invoking federal court's jurisdiction on ground of diversity, must affirmatively show requisite diversity, and, on failure to do so, court must declare lack of jurisdiction on its own motion (Judicial Code, §§ 24, 274c [Comp. St. §§ 991, 1251c]).**

Where federal court's jurisdiction is invoked, under Judicial Code, § 24 (Comp. St. § 991), by assignee of chose in action, on ground of diversity of citizenship, record must affirmatively show requisite diversity, and, on failure to do so, court, if necessary, must declare lack of jurisdiction on its own motion, rule not being changed by section 274c (Comp. St. § 1251c).

2. **Courts ⊚═323.**

If complaint by assignee of chose of action under Judicial Code, § 24 (Comp. St. § 991), does not allege necessary jurisdictional facts by reason of diversity of citizenship, burden is not shifted to defendant to show negatively that jurisdiction does not exist.

3. **Courts ⊚═322(2).**

Under Judicial Code, § 24 (Comp. St. § 991), allegation that plaintiff's assignor of chose in action was a corporation of certain county of state *held* insufficient to show requisite diversity of citizenship.

4. **Mortgages ⊚═427(1).**

Owner of equity of redemption is necessary party to suit to foreclose mortgage.

5. **Executors and administrators ⊚═439—Mortgages ⊚═427(3).**

Generally; heirs and devisees of mortgagor having equity of redemption at time of death are necessary parties to foreclosure, although executors and administrators are not.

6. **Courts ⊚═322(2).**

If, under state law, devisees of deceased mortgagor are necessary parties to foreclosure suit, complaint's failure to show citizenship of one of devisees would be fatal to federal court's jurisdiction.

7. **Courts ⊚═310.**

Plaintiff, by omitting necessary and indispensable party, whose presence would defeat jurisdiction, cannot avoid jurisdictional objections.

On Petition for Rehearing.

8. **Courts ⊚═405(16)—Certiorari for diminution of record is allowable only for surprise or excusable neglect.**

Application for certiorari for diminution of record should only be granted in case of surprise or excusable neglect.

9. **Courts ⊚═356—Certiorari for diminution of record will not be allowed to correct defect questioned in lower court (equity rule 75).**

Where jurisdiction dependent on citizenship of parties was properly challenged in trial court, and not withstanding challenge appellee permitted case to be heard on appeal, without attempt to supply defects in record, application for certiorari for diminution of record will not be granted, particularly where statement of evidence was not prepared by trial judge, as required by equity rule 75.

Appeal from the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Suit by the First National Bank of Albuquerque, N. M., against Chauncey Woods, individually and as executor of the estate of Joseph F. Woods, deceased, and Rowena Woods, guardian of Joseph Huston Woods, an infant, and another. Decree for plaintiff, and defendants named appeal. Reversed, with directions.

C. H. Jordan, of Holbrook, Ariz., and Armstrong, Lewis & Kramer, of Phœnix, Ariz., for appellants.

A. H. Favour and A. G. Baker, both of Prescott, Ariz., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

RUDKIN, Circuit Judge. This was a suit to foreclose a mortgage on certain real property in the state of Arizona. The parties to the mortgage were Joseph F. Woods, mortgagor, and Holbrook State Bank, mortgagee. The complaint contains no averment as to the citizenship of either party, aside from a recital in the mortgage that the mortgagor was "of Holbrook, of the county of Navajo, state of Arizona," and the mortgagee, "a corporation, of Holbrook, Navajo county, Ariz." The mortgagor died November 7, 1923, leaving a last will and testament, which was admitted to probate on January 21, 1924, and Chauncey Woods was appointed executor thereof. The beneficiaries under the will are Chauncey Woods and Joseph Huston Woods, an infant for whom Rowena Woods is guardian.

The parties to the present suit are the First National Bank of Albuquerque, plaintiff, and Chauncey Woods, individually and

as executor of the estate of Joseph F. Woods, deceased, Rowena Woods, guardian of Joseph Huston Woods, an infant, and Jesse S. Hulet, receiver of the Holbrook Bank in liquidation, defendants. The complaint avers that the plaintiff is a corporation organized and existing under the laws of the United States and is a citizen of the state of New Mexico; that the defendant Chauncey Woods, individually and as executor of the estate of Joseph F. Woods, deceased, is a citizen of the state of California; that Rowena Woods, guardian of Joseph Huston Woods, is a citizen of the state of Arizona; that Hulet, receiver of the Holbrook Bank in liquidation, is a citizen of the state of Arizona; and the citizenship of Joseph Huston Woods, one of the devisees, is not stated. A part of the relief sought was that the defendants, all and several, and all persons claiming through or under them, either as purchasers, mortgagees, or, otherwise, be barred and forever foreclosed of all right, claim, interest, or equity of redemption in said real property or any part thereof, and such was the relief granted by the final decree.

A motion to dismiss was interposed for want of jurisdiction; the motion was denied, and a final decree was entered in accordance with the prayer of the complaint. From that decree the defendants, other than Hulet, have appealed, and the jurisdiction of the court below to entertain the suit is the sole question presented for decision.

Section 24 of the Judicial Code (Comp. St. § 991) provides: "No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

[1, 2] The present suit was instituted by an assignee of a mortgage, and the jurisdiction of the court below is limited by the above provision. Counsel for the appellee earnestly contend that no exception was reserved to the order denying the motion to dismiss, and that, inasmuch as the entire record has not been brought here, this court cannot presume error in the denial of the motion. But this contention entirely ignores the nature of the jurisdiction of the courts of the United States. In Anderson v. Watt, 138 U. S. 694, 11 S. Ct. 449, 34 L. Ed. 1078, the court declared that it has been the constant effort of Congress and of the Supreme Court to prevent a discrimination in respect to suits between citizens of the same state and suits between citizens of different states, established by the Constitution and laws of the United States from being evaded by bringing into the federal courts controversies between citizens of the same state; that the jurisdiction of the federal courts is limited, in the sense that they have none, except that conferred by the Constitution and laws of the United States; that there is a presumption that a cause is without their jurisdiction unless the contrary affirmatively appears; that it is essential, in cases where jurisdiction depends upon the citizenship of the parties, that such citizenship, or the facts which in legal intendment constitute it, should be distinctively and positively averred in the pleadings, or should appear affirmatively or with equal distinctness in other parts of the record; that it is not sufficient that jurisdiction may be inferred argumentatively from the averments, nor to aver that the parties are residents of different states, or that a party was a citizen or resident holding his fixed and permanent domicile in a certain place, and that the inquiry is determined by the condition of the parties at the commencement of the suit.

In Metcalf v. Watertown, 128 U. S. 586, 9 S. Ct. 173, 32 L. Ed. 543, it was held that a failure of the record to show of what state the assignors of the plaintiff were citizens is fatal to the jurisdiction. In Brock v. Northwestern Fuel Co., 130 U. S. 341, 9 S. Ct. 552, 32 L. Ed. 905, an action was brought by a Minnesota corporation, a citizen of that state, against a citizen of Iowa on a contract assigned to the plaintiff by the What Cheer Land & Coal Company, a corporation "alleged to be doing business in the state of Iowa," and it was held that the allegation that the assignor was doing business in the state of Iowa did not necessarily import that it was created by the laws of that state.

By these decisions and many others that might be cited it is well settled that where the jurisdiction of a District Court of the United States is invoked by the assignee of a chose in action, on the ground of diversity of citizenship, the record must show affirmatively that the requisite diversity of citizenship existed between the assignor and the adverse parties at the commencement of the suit, and if it fails to do so jurisdiction is lacking and it is the duty of the courts to so declare of their own motion if need be. Nor is this rule changed by section 274c of the Judicial Code (Comp. St. § 1251c). That section provides for amendments at any stage of the proceed-

ings for the purpose of showing the requisite diversity of citizenship where such diversity exists in fact though not properly pleaded. But, notwithstanding the amendment, the presumption is still against jurisdiction, and it is still incumbent upon the party invoking it to make the jurisdictional facts appear. And if the complaint does not allege the necessary jurisdictional facts the burden is not shifted to the defendant or defendants to show negatively that jurisdiction does not exist.

[3] Applying these rules to the case at bar, there is no allegation in the complaint that the assignor of the appellee was a corporation, or a corporation of any particular state, and the mere recital in the mortgage that it was a corporation of a certain county of a state falls far short of satisfying the rule, laid down by the Supreme Court in Anderson v. Watt, supra, that "such citizenship, or the facts which in legal intendment constitute it, should be distinctively and positively averred in the pleadings, or should appear affirmatively with equal distinctness in other parts of the record. It is not sufficient that jurisdiction may be inferred argumentatively from the averments." The recital in the mortgage that the assignor was a corporation of a certain county and state means nothing more, at best, than an averment or recital that it was doing business there, and this was declared insufficient in Brock v. Northwestern Fuel Co., supra.

[4, 5] Again, if we look to the citizenship of the defendants alone, the question is not free from difficulty. The cases are uniform in holding that the owner of the equity of redemption is a necessary party to a suit to foreclose a mortgage. Wiltsie on Mortgage Foreclosure, § 147. It is likewise the general rule that the heirs and devisees of a mortgagor who was the owner of the equity of redemption at the time of his death are necessary parties, and that executors and administrators are not. Id. §§ 161, 163, and 165. In some states it is provided by statute that such suits may be brought against the personal representative alone, but what the law of the state of Arizona is we are not advised.

Counsel for the appellants assume, without argument or citation of authority, that all parties named in the record were necessary parties defendant, while counsel for the appellee assume, in like manner, that the personal representative is the only necessary party In Bennet v. United States Land, Title & Legacy Co., 16 Ariz. 138, 141 P. 717, the Supreme Court of Arizona said: "In the strictest sense the only necessary parties to a foreclosure suit are the mortgagee, the mortgagor, and those who have acquired interests in the premises subsequent to the mortgage."

[6, 7] In view of the state of the record, we will not discuss this question further. If devisees are necessary parties to a foreclosure suit under the laws of Arizona, a failure of the complaint to show the citizenship of one of the devisees would be fatal to the jurisdiction. It is no answer to say that such devisee was not made a party, because a plaintiff cannot avoid the jurisdictional objection by omitting a necessary and indispensable party, whose presence would defeat jurisdiction.

The decree of the court below is reversed, with instructions to sustain the motion to dismiss and to dismiss the suit, unless by amendment a case is made within its jurisdiction.

### Opinion on Petition for Rehearing.

[8, 9] The appellee has filed a petition for a rehearing in this case, accompanied by a motion for certiorari to bring up the testimony taken at the trial to show the citizenship of the assignor of the appellee. For the purposes of the petition and motion we will assume that the executor was the only necessary party defendant in the court below, and that that court had jurisdiction of the controversy and of the parties, provided the assignor of the plaintiff was a citizen of the state of Arizona, and provided, further, the remaining defendants, who are citizens of the state of Arizona, are dismissed from the case.

There are two objections to the motion for certiorari for diminution of the record. In the first place, the practice of allowing such motions after final judgment in this court is not to be commended, and the application should only be granted in case of surprise or excusable neglect. Here the jurisdiction of the court below was challenged at the threshold by a timely motion to dismiss, but notwithstanding the challenge the appellee proceeded to final decree, not only against the executor, but against citizens of Arizona as well, over whom the court confessedly had no jurisdiction.

The attention of the appellee was again challenged to the jurisdictional defects in the record by the assignments of error; the only assignment being based upon the ground that the complaint did not aver the citizenship of the assignor. Again, notwithstanding this challenge, the appellee permitted the case to be heard in this court without any attempt to supply the defects in the record, relying upon the unwarranted assumption that the bur-

den was on the appellants to show a want of jurisdiction in the court below.

"As the transcript of the record does not show that the Circuit Court had jurisdiction of the suit, which depended upon the citizenship of the parties, and as counsel, upon having their attention called to the matter, have furnished nothing of record which would supply the defect, the judgment must be reversed at the costs of plaintiff in error, and the cause be remanded to the Circuit Court for further proceedings." Horne v. George H. Hammond Co., 155 U. S. 393, 15 S. Ct. 167, 39 L. Ed. 197.

Furthermore, so far as we are at present advised, there is no way to bring the testimony in the court below before this court, except by bill of exceptions in actions at law, or by a statement of the evidence, approved by the trial judge, under equity rule 75, in suits in equity. The former method has no application here, and it is not contended that any statement of the evidence was prepared or approved by the trial judge, as required by rule 75. In fact, the contrary is inferentially conceded.

For these reasons, the petition and motion are denied.