## TUCKER v. UNITED STATES.
### No. 7559.

Circuit Court of Appeals, Fifth Circuit.
Jan. 15, 1935.

Albert L. Wilson, of Cherryvale, Kan., and A. A. Cocke, of Dallas, Tex., for appellant.

Walter L. Barlow, Atty., Department of Justice, of Washington, D. C., and Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., for the United States.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

By a motion filed by the appellant on December 15, 1934, suggesting a diminution of the record by the omission of evidence with respect to, and the court's ruling as to, certain alleged occurrences in the course of the trial, the appellant moved this court to order the issue of a writ of certiorari, directed to the court below, commanding that court to certify and send to this court a transcript of the evidence and proceedings with reference to said alleged occurrences.

■ The judgment of conviction appealed from was rendered on June 7, 1934, the appeal therefrom was allowed on July 11, 1934, and the transcript of the record on appeal was filed in this court on October 12, 1934. This court's rule XVIII provides: "And all motions for such certiorari" (for diminution of the record) "must be made at the first term of the entry of the case; otherwise the same will not be granted unless upon special cause shown to the court, accounting satisfactorily for the delay." After the entry of the case in this court and prior to the date of the filing of the motion for the writ of certiorari, two terms of this court had begun and ended, namely, one beginning on October 15, 1934, and one beginning on November 5, 1934. This case was subject to be heard and disposed of at the last-mentioned term, held at Fort Worth, Tex. 28 USCA § 223. No showing was made as to the cause of the delay in filing the motion. The delay not having been satisfactorily accounted for, the motion was filed too late to be favorably acted on. Furthermore, the matters sought to be brought up by certiorari are such as do not constitute part of the record on appeal unless made so by bill of exceptions. It was not made to appear that, during the time within which a bill of exceptions was allowable, or at any other time, appellant applied to the trial court or judge for the approval of a bill of exceptions embodying the evidence and rulings with reference to occurrences during the trial alleged in the motion for the writ of certiorari. It is fairly inferable that the failure to have the evidence and rulings in question properly shown by bill of exception was due to the fault or neglect of the appellant. In the circumstances disclosed the writ of certiorari moved for is not allowable. Bennett v. Riverland Co. (C. C. A.) 15 F.(2d) 491; United States v. McPhee (C. C. A.) 31 F.(2d) 243; Woods v. First Nat. Bank (C. C. A.) 16 F.(2d) 856; Kerrch v. United States (C. C. A.) 171 F. 365. For reasons above indicated the motion for the writ of certiorari is denied.

■ The appellant was convicted on seven counts of an indictment which contained

940

eleven counts, each of which charged the use of the United States mails in furtherance of an alleged scheme or artifice to defraud. Rulings assigned as errors are: The overruling of a pleading which was called "demurrer and motion to quash the indictment," the overruling of appellant's motion for an instructed verdict in his favor, the overruling of appellant's motion in arrest of judgment, and the overruling of appellant's motion for a new trial. The objections to the indictment stated in the demurrer and motion to quash are so unsubstantial that comment or discussion in support of the conclusion that the overruling of that pleading was not erroneous is not deemed necessary. It is not fairly open to question that evidence adduced in the trial tended to prove appellant's guilt of the offenses charged in the counts of the indictment on which he was convicted. It follows that the denial of appellant's motion for a directed verdict was not erroneous. It appearing from the record that the court exercised its discretion in denying the motions in arrest of judgment and for a new trial, those rulings are not properly subject to be assigned as errors.

The record shows no reversible error.

The judgment is affirmed.